UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROGER HALL,                                                      Case No. 3:26-cv-00130-AR

                        Plaintiff,                              **OPINION AND ORDER**

        v.

JPMORGAN CHASE BANK, N.A.,

                        Defendant.

_____

**ARMISTEAD, United States Magistrate Judge**

        Plaintiff Roger Hall sued defendant JPMorgan Chase Bank, N.A. in state court about his car loan, asserting two claims: (1) a violation of the Fair Credit Reporting Act (FCRA) (15 U.S.C. §§ 1681 *et seq.*), and (2) Inaccurate Post-Bankruptcy Classification and Continuing Harm. JPMorgan Chase removed the lawsuit to federal court on grounds that the court had federal question jurisdiction, 28 U.S.C. § 1331, and Hall now moves to remand. For the reasons explained below, Hall's motion to remand is DENIED.

## BACKGROUND

After Hall obtained an auto loan from JPMorgan Chase, he petitioned for Chapter 7 bankruptcy relief in 2024 but sought to exclude the vehicle loan from the bankruptcy proceedings. (*See* Compl., ECF 1-1.) On December 19, 2025, Hall filed a lawsuit in Multnomah County Circuit Court, alleging that JPMorgan Chase erroneously coded and reports the vehicle loan and VIN as bankruptcy related, which has caused lenders to refuse to refinance his vehicle loan.[1] Hall seeks $50,000 in damages and for JPMorgan Chase to "correct all inaccurate bankruptcy-related reporting." (*Id.* at 7.) JPMorgan Chase removed the lawsuit to this court on January 21, 2025, five days after learning that a Temporary Restraining Order (TRO) was entered in the state court action. (Kiolbasa Decl., ¶ 3-6, ECF 14.) The TRO ordered Hall's vehicle to be returned to him. (Notice of Removal, ECF 1.)

Hall now moves to remand the case to state court on the basis that (1) JPMorgan Chase untimely removed the case; (2) the court lacks subject matter jurisdiction over his FCRA claim; and (3) the court lacks supplemental jurisdiction over his second claim. (*See* Mot. Remand, ECF 4.)[2]

## LEGAL STANDARD

---

[1]    Hall's vehicle loan is "underwater," meaning that the value of the loan exceeds the value of this vehicle. (Mot. Remand at 4, ECF 4.)

[2]    Hall also filed an Amended Motion to Remand, which the court construes as supplemental briefing to his initial motion to remand. (Am. Motion Remand, ECF 16.)

A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447(c); see also *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A civil action generally may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing that removal is proper. *Moore-Thomas*, 553 F.3d at 1244. "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas*, 553 F.3d at 1244).

**DISCUSSION**

**A.    *Timeliness of Removal***

In Hall's view, JPMorgan Chase's Notice of Removal is procedurally defective because it was filed more than 30 days after it received the initial pleading "through service or otherwise." *See* 28 U.S.C. § 1446(b)(1) (After receipt of a copy of the initial pleading "through service or otherwise," a defendant has 30 days to remove an action from state court to the federal court within the state court's district). After filing his complaint, Hall alleges that he sent a copy of it by certified mail to Chase's registered agent, CT Corporation, and later exchanged emails with JPMorgan Chase representatives in December 2025. (Mot. Remand at 2.) To Hall, those actions triggered the 30-day window to remove, since JPMorgan Chase was "in possession of the initial pleading in December 2025," and thus had "actual notice" of the lawsuit. Under ORCP 7G, as Hall argues, providing JPMorgan Chase with "actual notice" of the lawsuit should absolve "any error in the manner of service." (*Id.*)

Page 3 – OPINION AND ORDER
*Hall v. JPMorgan Chase Bank, N.A.*, 3:26-cv-00130-AR

JPMorgan Chase responds that it was not served in December 2025 because Hall served the wrong entity—JPMorgan Chase & Co.—which is "Chase's corporate parent." (Resp. at 6 n.3, ECF 13.) Also asserted by JPMorgan Chase is that Hall also did not properly serve it in the correct manner under ORCP 7 D(3)(f), which requires personal service on an officer of an unincorporated association. According to JPMorgan Chase, it has yet to be validly served. (*Id.* at 7-8.)

Hall argues that the window of time for removal begins once a defendant receives the initial pleading "through service or otherwise." 28 U.S.C. § 1446(b). Under Oregon law, service on an unincorporated association like JPMorgan Chase must be accomplished by "personal service on an officer, managing agent, or agent authorized by appointment or law to receive service of summons for the unincorporated association." ORCP 7 D(3)(f). Actual notice under ORCP 7G is not sufficient to excuse defects in the manner of service. *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 338-39 (2002) (noting that it would "seem all-important" that a defendant received and read the first-class mailing of the notice of lawsuit, but under Oregon's sufficiency of service rules it is essentially "irrelevant") (citing *Jordan v Wiser*, 302 Or. 50, 60 (1986)). The Ninth Circuit has also held that "actual notice is not enough to trigger the application of ORCP 7G." *Travelers Cas. and Sur. Co. Am. v. Brenneke,* 551 F.3d 1132, 1137 (9th Cir. 2009) (citing *Levens v. Koser*, 126 Or. App. 399, 346 (1994)).

Even if JPMorgan Chase had actual notice of Hall's lawsuit in December 2025, it would not excuse Hall's error in serving the wrong defendant. The defendant here—JPMorgan Chase Bank N.A.—is not the legal entity Hall served in December 2025 (JPMorgan Chase & Co). JPMorgan Chase first became aware of Hall's lawsuit when its counsel was contacted by Chase

Page 4 – OPINION AND ORDER
*Hall v. JPMorgan Chase Bank, N.A.*, 3:26-cv-00130-AR

regarding a TRO entered in state court on January 16, 2026. (Kiolbasa Decl. ¶ 3.) Counsel for JPMorgan Chase then obtained Hall's state court complaint by accessing the online docket on January 20, 2026, and removed the action to this court the next day. (*Id*. ¶ 6)

Because JPMorgan Chase removed this case five days after receiving notice of the lawsuit, it has demonstrated timely removal of the lawsuit to federal court. Hall's motion to remand on timeliness grounds is denied.

**B.      *Federal Question Jurisdiction—Claim 1***

To establish federal question jurisdiction, a party must show that defendants have violated a federal constitutional or statutory provision. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.") (citation omitted). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 683 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

In his briefing, Hall contends that "Petitioner is arguing Oregon state law in a federal court." (Mot Remand at 1.) Hall appears to challenge this court's subject matter jurisdiction because the underlying auto loan was agreed upon in Oregon. Not so. Hall alleged a Fair Credit Reporting Act (FCRA) violation in his complaint, a federal statute. *See* 15 U.S.C. § 1681. Congress enacted FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. Am. v. Burr*, 551 U.S. 47, 52

(2007). FCRA also expressly preempts state laws that attempt to cover the subject matter it regulates. 15 U.S.C. § 1681t(b)(1)(f). Because Hall's FCRA claim arises under a federal law, JPMorgan Chase has invoked federal question jurisdiction, and Hall's motion to remand on that ground is denied.

### C.    *Supplemental Jurisdiction—Claim 2*

When a federal court has original jurisdiction over a civil action, as it does here under 28 U.S.C. § 1331, it also has supplemental jurisdiction over other claims that are related to the original claim when they form part of the same "case or controversy." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A district court may decline to exercise supplemental jurisdiction over a state law claim where "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

Hall contends that the court lacks supplemental jurisdiction over his second claim because it does not share a "common nucleus of operative fact" with his FCRA claim. (Am. Mot.Remand at 2.) JPMorgan Chase argues that supplemental jurisdiction is appropriate because Hall's FCRA and post-bankruptcy related claim relate to the treatment of a single debt incurred by Hall and thus form part of the same case or controversy. (Def. Resp. Mot. Remand at 4.)

JPMorgan Chase is correct. Hall's second claim shares a common nucleus of operative facts with his first. [3]

Here, the allegations that give rise to Hall's claims stem from his inability to refinance his car loan because it is classified as "bankruptcy-included." (Compl. at 4.) Hall's second claim, titled in part "inaccurate post-bankruptcy classification," relates to the post-bankruptcy treatment of his vehicle and the auto loan at issue in his first claim. Thus, Hall's second claim is sufficiently related to his first and forms part of the same case or controversy under 28 U.S.C. § 1367(a). Consequently, the court has supplemental jurisdiction over his second claim.

Hall further contests that JPMorgan Chase used removal as a "tactical weapon to evade the state court's authority" in enforcing the TRO. (Am. Mot. Remand at 2.) The court disagrees. As JPMorgan Chase argues, 28 U.S.C. § 1450 requires that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Therefore, the TRO granting Hall possession of his car will remain in effect despite Hall's case moving from state to federal court.

---

[3]    Hall also argues that his second claim should be remanded because it involves Oregon's 60% rule (ORS § 79.6200), which is a "novel issue of state law." (Am. Mot. Remand at 2.) As pleaded, Hall's second claim does not raise any issues of state law. (*See* Compl. at 6-7.) Hall does not cite ORS § 79.6200 or any Oregon caselaw to support the contention that JPMorgan Chase's post-bankruptcy misclassification harms him. (*See* Compl. at 6-7.) Thus, the court declines to consider the argument raised in Hall's amended motion to remand because Hall has not moved to amend his complaint and he may not amend his complaint through subsequent pleadings. *See* FED. R. CIV. P. 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave").

Because Hall's second claim arises under the same case or controversy as his first, the court has supplemental jurisdiction. Hall's motion to remand based on lack of supplemental jurisdiction is denied.

## CONCLUSION

For the above reasons, Hall's Motion to Remand (ECF No. 4) is DENIED.

DATED: April 30, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 8 – OPINION AND ORDER
*Hall v. JPMorgan Chase Bank, N.A.*, 3:26-cv-00130-AR