UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROGER HALL,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 3:26-cv-00130-AR

**OPINION AND ORDER**

---

**ARMISTEAD, Magistrate Judge**

Plaintiff Roger Hall, representing himself, sues defendant JPMorgan Chase Bank, N.A., for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b). (Notice of Removal, Ex. 1, ECF 1 (Comp., ECF 1-1).) Hall alleges that he obtained a vehicle loan from JPMorgan Chase that secured his vehicle as collateral. According to Hall, after he filed a Chapter 7 bankruptcy petition that excluded the vehicle loan and continued to make his loan payments, JPMorgan Chase erroneously reported his vehicle loan as bankruptcy-related, resulting in his inability to refinance his vehicle and a violation of the the FCRA. JPMorgan Chase now moves

to dismiss under Federal Rule of Civil Procedure 12(b)(6). As explained below, the motion is GRANTED.

**BACKGROUND**

The court construes as true the factual allegations in Hall's complaint. *Weston Fam. P'ship LLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). After Hall obtained a vehicle loan from JPMorgan Chase, he petitioned for Chapter 7 bankruptcy relief in 2024 but sought to exclude the vehicle loan from the bankruptcy proceedings. (Compl., ECF 1-1.) On December 19, 2025, Hall filed a lawsuit in Multnomah County Circuit Court, alleging that JPMorgan Chase erroneously coded and reported the vehicle loan and vehicle VIN number as bankruptcy-related, which has caused lenders to refuse to refinance his vehicle loan.[1] JPMorgan Chase removed the lawsuit to this court on January 21, 2026, five days after learning that a Temporary Restraining Order (TRO) was entered in the state court action. (Kiolbasa Decl., ¶ 3-6, ECF 14.) The TRO ordered that Hall's vehicle to be returned to him. (Notice of Removal, ECF 1.) Hall then moved to remand the lawsuit to state court (ECFs 4, 16), which the court later denied. (Order, ECF 21).

In his complaint, Hall asserts two claims. In Claim 1, Hall alleges that JPMorgan Chase is a furnisher of information under the FCRA and that he disputed information about the inaccurate, bankruptcy-related nature of the vehicle loan. According to Hall, JPMorgan Chase failed to conduct a reasonable investigation or correct the inaccurate information, violating 15 U.S.C. § 1681s-2(b). (Compl. at 3, ECF 1-1.) In Claim 2, Hall contends that JPMorgan Chase continues to misrepresent his vehicle loan as bankruptcy-related, and that "the continued

---

[1] Hall's loan is "underwater," meaning that the value of the loan exceeds the value of the vehicle. (Mot. Remand, ECF 4.)

misclassification interferes with [his] post-bankruptcy rights and financial rehabilitation." (Id. at 4.) Hall seeks $50,000 in damages and for JPMorgan Chase to "correct all inaccurate bankruptcy-related reporting." (*Id.* at 7.)

On May 28, 2026, JPMorgan Chase filed its motion to dismiss. Hall has not filed a response. (Mot. Dismiss, ECF 22.) On July 1, 2026, the court issued an Order to Show Cause instructing Hall to respond to the pending motion to dismiss by July 15, or show good cause for this failure to do so. The court further advised Hall that his failure to timely comply with that order may result in the court treating his failure to do so as a concession on the merits. (OSC, ECF 25.) As of today, Hall has not responded to the Order to Show Cause or requested additional time to do so.

## LEGAL STANDARD

A court will grant a Rule 12(b)(6) motion to dismiss for failure to state a claim when no cognizable legal theory supports the claim or when the complaint is without sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a motion to dismiss under a cognizable legal theory, a complaint "must contain sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true[.]" (citation modified)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, when a plaintiff proceeds without attorney representation (*pro se*), the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

JPMorgan Chase moves to dismiss under Rule 12(b)(6) on three grounds: (1) to the extent Hall alleges violations of § 1681s-2(a), there is no private right of action; (2) he fails to allege a violation of § 1681s-2(b) because he does not assert that he initiated a dispute with a credit reporting agency, which is a prerequisite for a viable § 1681s-2(b) claim; and (3) Claim 2 does not satisfy Rule 8, fails to assert a viable claim, and any such claim would be preempted by FCRA. The court agrees.

### A. *Hall's FCRA Claim*

Congress enacted FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). In addition to regulating credit reporting agencies (CRAs), "the FCRA imposes duties on the sources that provide credit information to CRAs, called 'furnishers.'" *Gorman*, 584 F.3d 1147, 1153 (9th Cir. 2009).

Section 1681s-2(a) prohibits furnishers from reporting inaccurate information to CRAs. 15 U.S. C. § 1681s-2(a); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th

Cir. 2002). A furnisher is defined as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 1022.41(c). As is relevant here, a furnisher is prohibited from reporting information "relating to a consumer" to a CRA if the furnisher "knows or has reasonable cause to know that the information is inaccurate." 15 U.S. C. § 1681s-2(a)(1)(A). Furnishers also may not report information if they have "been notified by the consumer . . . that specific information is inaccurate" and "the information is, in fact, inaccurate." *Id.* § 1681s-2(a)(1)(B).

Additionally, the FCRA mandates how furnishers must respond after receiving notice of disputed information from a CRA. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). "Among other things, the furnisher must correct or delete inaccurate information after conducting an 'investigation with respect to the disputed information.'" *Id.* (quoting 15 U.S.C. § 1681s-2(b)). A furnisher must conduct a "reasonable" and "non-cursory" investigation. *Id.* (citing *Gorman*, 584 F.3d at 1157). A furnisher's duties under §1681s-2(b), however, "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

In Claim 1, Hall alleges that JPMorgan Chase is a furnisher of consumer credit information and that he disputed the accuracy of his vehicle loan. Further asserted by Hall is that JPMorgan Chase received notice of the dispute through the CFPB. (Compl. at 3.) Hall's allegations fail to state a plausible FCRA claim.

As argued by JPMorgan Chase, to the extent that Hall is bringing a claim under § 1681s-2(a), he may not do so. Claims under subsection (a) "shall be enforced exclusively" by federal or

state agencies or officials and it does not provide a private right of action. *Nelson*, 282 F.3d at 1059-60 (quoting § 1681s-2(d)); *see Gorman*, 584 F.3d at 1154 ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."). Accordingly, JPMorgan Chase's motion to dismiss on that basis is granted.

Hall's claim under § 1681s-2(b) also fails to state a plausible claim. Although he alleges that he disputed the accuracy of his information, he does not say with whom and he does not assert that he notified a CRA. Because doing so is a prerequisite to filing a claim under subsection (b), his allegations are insufficient. *See Nelson*, 282 F.3d at 1059-60 (explaining that § 1681s-2(b) requires a consumer first to notify a CRA of a dispute, which acts as a "filter" for private enforcement). And Hall's allegation that JPMorgan Chase received notice of his dispute through the CFPB is insufficient to satisfy the statutory notice requirement. *Mohamed v. Navy Fed. Credit Union*, 25-cv-4174-RS, 2025 WL 2337124, at *2 (N.D. Cal. Aug. 12, 2025) (dismissing § 1681s-2(b) claim because submitting dispute to CFPB and defendant was insufficient under statute (collecting cases)). Therefore, because Hall does not allege that he notified a CRA of the dispute or that a CRA in turn notified JPMorgan Chase and triggering its duty to investigate, he fails to state a claim under § 1681s-2(b). *See, e.g.*, *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("Bypassing the filter and contacting the furnisher of credit information directly does not actuate the furnisher's obligation to investigate nor does it give rise to a private right of action."; dismissing FCRA claim against furnisher) (citing *Nelson*, 282 F.3d at 1060). JPMorgan Chase's motion to dismiss Hall's FCRA claim is granted.

**B. *Claim 2—Inaccurate Reporting***

In Claim 2, Hall alleges that JPMorgan Chase's continued misclassification of his

vehicle loan is interfering with his "post-bankruptcy rights and financial rehabilitation." (Compl. at 4, ECF 1-1.) As argued by JPMorgan Chase, Hall fails to identify the source of his post-bankruptcy rights. And as pleaded, Hall's allegations in Claim 2 are entirely conclusory. Thus, Hall fails to identify enough facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (holding that "threadbare recitals" and "mere conclusory statements" are not enough to satisfy Rule 8(a)(2)).

Even so, any claim premised on the accuracy of his vehicle loan provided by JPMorgan Chase as a furnisher of credit information likely is preempted by the FCRA. *See Aargon Agency, Inc. v. O'Laughlin*, 70 F.4th 1224, 1235-36 (9th Cir. 2023) (holding that 15 U.S.C. § 1681t(b)(1)(F) preempts any state law relating to a furnisher's duties under FCRA); *Roybal*, 405 F. Supp. 2d at 1181 (finding state law claims premised on injuries arising from furnisher providing credit information completely preempted by § 1681t(b)(1)(F)). For those reasons, JPMorgan's motion to dismiss Claim 2 is granted.

**D. *Leave to Amend***

Having concluded that dismissal is proper, the court must consider whether to allow Hall to amend his complaint. "Whether to grant leave to amend is committed to the sound discretion of the district court." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014). If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation modified).

Moreover, district courts should liberally give leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Id.* (citation omitted).

As discussed above, to the extent that Hall seeks relief under § 1681s-2(a), his claim fails as a matter of law and Claim 2 appears preempted; thus, permitting amendment of those claims is futile. And as noted above, Hall has not responded to JPMorgan Chase's motion to dismiss, or to the court's Order to Show Cause why his failure to respond should not be treated as a concession on the merits. As of today's date, Hall has not responded to the pending motion or the court's Order to Show Cause or asked for additional time to do so. Thus, the court treats his remaining FCRA claim as abandoned. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss, has effectively abandoned his claim, and cannot raise it on appeal." (citation modified)); *U.S. ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 208) (holding district court did not err in dismissing claim to which plaintiff failed to respond in to motion to dismiss on that claim); *Reyna v. City of Portland*, 3:21-cv-01839-IM, 2023 WL 8114155, at *9 (D. Or. Nov. 22, 2023) (concluding that plaintiff's failure to respond to argument on motion to dismiss was a concession on the merits, citing *Carvalho* and *Yentz v. Nat'l Credit Adjusters, LLC*, 3:20-cv-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021) (collecting cases), *findings and recommendation adopted*, 2021 WL 1270457 (D. Or. Apr. 6, 2021)). Accordingly, the court exercises its discretion and denies leave to amend because Hall has abandoned his claims.

\ \ \ \ \

\ \ \ \ \

## CONCLUSION

For the above reasons, this action is DISMISSED with prejudice.

DATED August 19, 2026.

JEFFREY ARMISTEAD
United States Magistrate Judge